IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINIDAD GUZMAN, JR., | § | |
| TDCJ #1077205, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2031 |
| | § | |
| LISA VATANI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

State inmate Trinidad Guzman, Jr. (TDCJ #1077205) has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement at the Wallace Pack Unit of the Texas Department of Criminal Justice (collectively "TDCJ") where he presently resides. Doc. # 1. Guzman complains that he was denied adequate medical care and that he was assigned work beyond his physical capacity by Lisa Vatani, P.A. (Physician's Assistant); Valeri Sterner, P.A; Dr. Fausto Avila, M.D.; and Warden Carey Staples.

The Court screened the pleadings, including the plaintiff's more definite statement, and ordered the defendants to file an answer. P.A. Sterner and Dr. Avila have filed a motion for summary judgment, supported by records, contending that the action should be dismissed because Guzman failed to exhaust administrative remedies.

Doc. # 26. Guzman has not filed a response. After reviewing all of the pleadings, the full record in the case, and applicable law, the Court concludes that Sterner's and Avila's motion must be granted and that this case must be **dismissed** in its entirety for the reasons that follow.[1]

## I.   FACTUAL BACKGROUND

### A.   Guzman's Allegations

Guzman states that he was diagnosed with chronic lumbar decompression while he was at the TDCJ Galveston Hospital in 2009. Doc. # 8, p. 11. He asserts that he was seen by a doctor at the TDCJ Spine Clinic who prescribed him Naproxen, medical boots, a medical mattress, and a cushion in November of 2011. *Id.* at 1-2. The doctor also ordered a follow-up appointment in six weeks and physical therapy for lumbar strengthening and no work assignments. *Id.* Guzman complains that Vatani denied him the medical boots, medical mattress, and medical cushion after he returned to the Pack Unit on November 17, 2011. *Id.*

Guzman alleges that Warden Staples violated his work restrictions by assigning him to a job that entailed lifting articles in excess of fifteen pounds. *Id.* at 3. He also names Sterner and Dr. Avila as defendants although he does not make any specific

---

[1]   In considering the motion for summary judgment, the Court addresses the arguments and supporting evidence with regard to Guzman's claims against Vatani and Staples, the non-moving Defendants, as well as Sterner and Avila.

2

allegations as to their personal involvement. *Id.* He alleges that he re-injured himself as a result of the defendants' acts and that he has had to use crutches as a result of the injuries. *Id.* Guzman seeks a declaratory judgment, injunctive relief, and compensation. Doc. # 1, p. 5.

### B. Defendants' Response

#### 1. Failure to Exhaust 42 U.S.C. § 1997e(a)

The defendants argue that Guzman failed to exhaust available administrative remedies against Sterner and Dr. Avila. In support of their argument, they present a Step 1 Grievance filed by Guzman dated as received by the TDCJ administration on March 29, 2010, and a Step 2 Grievance signed by Guzman on May 21, 2010, and dated as received on May 26, 2010. Doc. 26-1, pp. 2-6. The grievances only identify Vatani as having denied Guzman medical equipment. They specify that she confiscated his walking cane and orthopedic hand glove without cause. *Id.* at 2. There is no reference to Sterner or Avila as well as Staples. The defendants further point out that the grievances were submitted well before the date of the constitutional violation asserted in Guzman's complaint, November 17, 2011. Consequently, Guzman did not give the administration or the defendants reasonable notice of the issues presented in his complaint.

### 2. Personal Involvement

The defendants contend that Guzman's allegations against Avila and Sterner are conclusory because he has not presented facts which illustrate their participation in the alleged wrong. They note that Guzman's original complaint asserts that the defendants violated Guzman's rights by changing the prescribed treatment. *See* Doc. 1, p. 3. Guzman states that "P.A. Vatani refused to carry out/and completely ignored Dr. Stanley's medical order." *Id.* at 4. However, there are no specific allegations regarding Avila and Sterner. The defendants point out that the Court instructed Guzman to describe the personal involvement of each defendant in the denial of medical care as alleged in the complaint. *See* Doc. # 6, p. 3 (Question 7). Guzman's response to the personal involvement of both Avila and Sterner was, "Plaintiff has a problem obtaining medical records to support his claim." Doc. # 8, p. 3. He also requests that the Court accept his claims at "face value." *Id.*

The defendants assert that Guzman has failed to allege actions by them to demonstrate that they were personally involved in the alleged deprivations. They contend that Avila and Sterner should be dismissed because there is no factual or evidentiary support of their liability for his claims under 42 U.S.C. § 1983.

4

## II. SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment if he shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). In considering such a motion, this court construes "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotations marks omitted). For summary judgment, the movant has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In doing so, the movant must establish the "absence of evidence to support an essential element of the non-movant's case." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal citations omitted). The motion for summary judgment must be denied if the movant fails to meet this initial burden. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). However, if the movant does succeed in meeting this burden, the non-movant must go beyond the pleadings and identify specific facts showing that there is a genuine issue of a material fact warranting trial. *Id.*

To prove there is an absence of evidence in support of the non-movant's claim, the movant must identify areas that are essential to the claim in which there is an

"absence of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). However, the movant "need not negate the elements of the non-movant's case." *Boudreaux v. Swift Transp. Co. Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

Mere conclusions and allegations are not summary judgment evidence and cannot be used to defeat or support a motion for summary judgment. *Topalian v. Ehrman¸* 954 F.2d 1125, 1131 (5th Cir. 1992). To successfully oppose a motion for summary judgment, the non-movant must present specific facts showing "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc., v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). If the non-movant fails to point out evidence opposing summary judgment, it is not the court's duty to search the record for such evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### III.  LEGAL STANDARDS

#### A.  Exhaustion - 42 U.S.C. § 1997e(a)

Because Guzman is incarcerated, this lawsuit is governed by the Prison Litigation Reform Act (the "PLRA"). The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison

life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Fifth Circuit has acknowledged that "[q]uibbles about the nature of a prisoner's complaint, type of remedy sought, and the sufficiency or breadth of prison grievance procedures" have been foreclosed by Supreme Court precedent on the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a). *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)). Thus, the Fifth Circuit has consistently mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See, e.g. Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The purpose of the grievance is to alert prison officials to a problem, not to notify an official that he may be subjected to a potential lawsuit. *Johnson v. Johnson*, 385 F.3d

7

at 522.

The TDCJ has established a two part grievance system as authorized by the state legislature. *See* TEX. ADMIN. CODE ANN. § 283.3 (West 2013). *See also Johnson*, 385 F.3d at 515; *see also Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable); *see also Almond v. Tarver*, 468 F. Supp. 2d 886, 896 (E.D. Tex. 2006) (citing 37 TEX. ADMIN. CODE ANN. § 283.3 (West 2006)). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id*. Step 2 grievances are reviewed at the state level. *See id*. A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See id*. (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Mere substantial compliance with the grievance process is not sufficient. *Dillon v. Rogers* 596 F.3d 260, 268 (5th Cir. 2010). *See also Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) ("In this Circuit, 'a strict approach' is taken to the exhaustion requirement.) (citing *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir.2003).

While adopting a strict approach to prisoners exhausting their administrative remedies, the Fifth Circuit has determined that it is not necessary for an inmate to file repeated grievances for a continuing deprivation or condition. *Id.*, at 521-522. On the other hand, a grievance filed in response to a particular incident does not apply to claims to future incidents whether they are similar or discrete. *Johnson*, 385 F.3d at 522 n.13 ("Thus, an inmate who claims to have been beaten by guards (or, for that matter, not protected by guards) once one month and again the next month can rightfully be expected to grieve both incidents . . ."). Consequently, an inmate must file a grievance for each separate incident. *Id.*

## B. <u>Personal Involvement</u>

A plaintiff in a civil rights action must show that the defendants were either personally involved in the alleged violations or that there was a "sufficient causal connection between the defendants' conduct and the violations. *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). The doctrine of respondeat superior does not apply in civil rights actions. *Ashcroft v. Iqbal*, 556 U.S., 662, 676 (2009); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

## IV.  DISCUSSION

### A.  Grievances Are Not Sufficiently Proximate in Time

Guzman alleges in his complaint and in his more definite statement that Dr. Stanley D. Allen ordered medical boots, medical gloves, a medical mattress, and a medical cushion on November 1, 2011, and that Vatani denied him the mattress, boots, and cushion on November 17, 2011. Doc. # 1, p. 3; Doc. # 8, p. 3.  However, the Step 1 Grievance was submitted more than 19 months earlier in March of 2010. The response to that grievance stated that Guzman had been seen and assessed for his health complaints including his request for a cane and a medical glove.  Doc. # 26-1, p. 3.  Guzman's Step 2 Grievance was submitted in May of 2010, and responded to on August 2, 2010.  *Id.* at 6.  The response indicated that the medical provider had seen him and determined there was no medical necessity for a cane, glove, or mattress at that time.  *Id.* at 6.  It also indicated that Guzman failed to informally resolve the problem and advised him to attempt such a resolution if his condition warranted additional evaluations.  *Id.*  The response also advised him that he could then file another Step 1 Grievance if he was still dissatisfied with the informal resolution, but that no further action was warranted concerning the present grievance.  *Id.*

Guzman's complaint concerns a separate alleged denial from the one cited in the grievances.  The grievances were also resolved more than a year before the

violation, as stated in the complaint, is alleged to have occurred. It is well established that an inmate must file his Step 1 grievance within 15 days of the alleged violation. *See Johnson*, 385 F.3d at 515. Guzman's grievance does not meet this criteria. Moreover, he did not comply with TDCJ's informal criteria for resolving his complaint before resorting to the grievance process. *See* Doc. # 26-1, p. 6. Given the remoteness in time between the filing of the grievances and the occurrence of the complained of conduct and the fact that the grievances preceded the complained of conduct, Guzman did not satisfy the PLRA's exhaustion requirement. *Johnson*, 385 F.3d at 521 n.13 ("Thus, an inmate who claims to have been beaten by guards (or, for that matter, not protected by guards) once one month and again the next month can rightfully be expected to grieve both incidents").

### B.    The Grievances Do Not Identify All Parties or Alleged Acts

In addition to being untimely, the grievances do not comply with the exhaustion requirement because they do not adequately identify those who were involved in the alleged deprivations; nor is there any indication of the nature of their involvement. Guzman names four defendants in his civil rights complaint, but he identifies only one party, Lisa Vatani, in his grievances. Also, the grievances are solely concerned with Vatani's alleged denial of medical items while his civil rights complaint includes allegations that Guzman was forced to work beyond his capacity.      There is no

language in section 1997e which requires an inmate to name "'all of the defendants'" in the civil rights proceeding. *Jones v. Bock*, 549 U.S. 199, 217 (2007). The primary purpose of the prison grievance system is to notify custodial officials about a problem, but it is usually necessary to identify those individuals who bear responsibility for the problem as well as the specific actions which caused it. *Johnson*, 385 F.3d at 522. The Court can only reverse a prison's erroneous administrative decision if it was made in response to a prisoner's grievance or objection which adequately informed the prison administrators about the problem. *See Woodford*, 548 U.S. at 90-91. "[G]rievances must contain the sort of information that the administrative system requires." *Johnson*, 385 F.3d at 517 (quoting *Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002)). In some instances, a prisoner alerts the prison officials and complies with the exhaustion requirement if he gives as much relevant information as possible concerning a condition which is in violation of the Constitution. *See Johnson,* 385 F.3d at 517 (citing *Brown v. Sikes*, 212 F.3d 1205, 1207-10 (11th Cir. 2000)). In contrast, a grievance that names a specific individual who committed a specified act but fails to identify another individual who was allegedly involved in the incident does not comply with the exhaustion requirement. *Id.* (citing *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001)). For example, a grievance about a guard who assaulted an inmate which does not name another guard who allegedly witnessed the incident, but did not

intervene, is not sufficient to exhaust remedies with regard to the second guard. *Johnson,* 385 F.3d at 517 (citing *Curry,* 249 F.3d at 505).

Guzman's grievances only address Vatani's alleged denials of medical items. There are no allegations that Sterner or Avila were behind the deprivations; nor are there any allegations that he was forced to perform tasks which are beyond his physical limits. Consequently, Guzman failed to provide sufficient detail in order to give the TDCJ administration reasonable notice of a factual basis for his grievances against Avila, Sterner, or Staples. *Johnson*, 385 F.3d at 516-517.

### C. Personal Involvement

To establish a section 1983 claim, the plaintiff must present facts which demonstrate that the defendant was personally involved in the acts or omissions which violated the plaintiff's constitutional rights. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999)). Guzman's responses to the Court's order for more definite statement indicate that he does not have sufficient knowledge of Avila and Sterner's involvement to assert a complaint.[2] His allegations against Avila and Sterner are

---

[2] "Plaintiff has a problem obtaining medical records to support his claim [against Sterner and Avila], so Plaintiff ask this Court to take his claim at face value." Doc. # 8, p. 3.

conclusory and contain no factual support for his claim that they are responsible for the alleged deprivations. Guzman's conclusory allegations do not satisfy his burden in showing that there is a genuine issue of material fact to preclude summary judgment for Avila and Sterner. *Warfield v. Byron,* 436 F.3d 551, 557 (5th Cir. 2006).

Guzman claims that Warden Staples violated his work restrictions by assigning him to a job that entailed lifting articles in excess of fifteen pounds. However, Guzman does not assert any facts which demonstrate how Staples was personally involved in his work assignment.

### D.     **Remaining Defendants**

Staples and Vatani have not joined in the motion for summary judgment under consideration.³ The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, as Sterner and Avila have done in this case, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (citations omitted)); *see also McCarty v. Zapata County*, 243 F. App'x 792, 794 (5th Cir. 2007). The record

---

³ Service was ordered on Vatani, but she has not filed an answer. There is a docket entry for a motion for summary judgment [Doc. # 20] filed by Staples, but the document assigned to the docket entry is a proposed order.

demonstrates that the complaint is subject to dismissal with regard to all parties because Guzman has failed to exhaust available prisoner administrative remedies as required by 42 U.S.C. § 1997e(a).

## V.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendants' motion for summary judgment [Doc. # 26] is **GRANTED.**

2. Defendants' motion to stay scheduling order [Doc. # 27] is **GRANTED.**

3. Defendant Staples' motion for summary judgment [Doc. # 20] is **DENIED** without prejudice.

SIGNED at Houston, Texas on  June 10 , 2013.

_____
Nancy F. Atlas
United States District Judge